IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABRAHIM FATA, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-4862 |
| | : | |
| JACQUELINE AMANTINE, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**GOLDBERG, J.**                                                                    **MAY 20, 2025**

Plaintiff Abrahim Fata, a prisoner currently incarcerated at Lehigh County Jail, brings this *pro se* civil action[1] raising claims concerning his vehicle and other personal property against Defendants Jacqueline Amantine and her son.[2]  (ECF No. 2 ("Compl.") at 1.)  He also alleges an ongoing conspiracy "by Pennsylvania and New Jersey societies/communities, and governments . . . since 2017."  (ECF No. 2-1 at 3.)  Fata seeks leave to proceed *in forma pauperis*, and he has also filed the following motions:  a "Motion to Enforce 18 USCS § 1514 Civil Action to Restrain Harassment of a Victim or Witness," a "Motion to Immediately Place an Injunction and Restraining Permanent Order," a Motion for Sanctions, a Motion for Judgment, and a Motion for

---

[1] Fata initiated this action by filing a "Petition to File a Civil and Criminal Complaint."  (*See* ECF No. 2.)  To the extent that Fata seeks to initiate criminal charges against any Defendant, the Court has no authority to order such relief.  *See Kent v. Ed Carber Inc.*, 467 F. App'x 112, 113 (3d Cir. 2012) (*per curiam*) (affirming dismissal of claims seeking initiation of criminal charges because "a private person does not have a 'judicially cognizable interest in the prosecution . . . of another'") (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).)

[2] Fata asserts that he is not sure of the correct spelling and accuracy of Jacqueline's name, and he has used various spellings throughout the Complaint and attached exhibits.  (*See, e.g.,* Compl. at 1, ECF No. 2-1 at 12.)  To maintain consistency, the Court will refer to this Defendant as Jacqueline Amantine.  Fata avers that Jacqueline has two sons, but he does not indicate which son he intends to name as a Defendant.  (ECF No. 2-1 at 12.)

Contempt of Court. (*See* ECF Nos. 3, 11, 13, 15, 18.) For the following reasons, the Court will grant Fata leave to proceed *in forma pauperis*, dismiss the Complaint in its entirety, and deny his outstanding motions.

## I.    FACTUAL ALLEGATIONS[3]

Fata avers that Defendant Jacqueline Amantine was "supporting [him] while in a mental facility due to various attacks," and she is aware that he suffers from "anxiety, depression, and paranoia." (Compl. at 2.) Fata claims that Amantine has his vehicle and his bank and identification cards. (*Id.*) He also avers that she "has all the means to get [him] out of incarceration . . . by providing a home plan." (*Id.*) Fata alleges that his daughter, A.F., has communicated with Jacqueline while he's been incarcerated, and notes that A.F. "had a change in character mid-February [or] mid-March." (*Id.* at 3.) His daughter was "provoking [him] to anger, and depression" and his son eventually started behaving the same way. (*Id.*)

On April 7, 2024, Officer Cody M. Peters issued Fata a summary violation with respect to his vehicle.[4] (*Id.* at 2; ECF No. 2-1 at 1.) Fata pled "not guilty" to the violation by letter dated May 10, 2024, indicating that he had been incarcerated since October 25, 2023. (Compl. at 2; ECF No. 2-1 at 2.) On June 4, 2024, Fata spoke with Officer Peters who assured Fata that his vehicle had not been towed. (Compl. at 2.) Based on this allegation, it appears that Fata contends that Jacqueline is still in possession of his vehicle.

---

[3] The following allegations are taken from the Complaint and the attachments thereto. The Court adopts the pagination supplied by the CM/ECF docketing system. Spelling, punctuation, and capitalization errors are cleaned up where necessary.

[4] Fata provides a case number for the summary violation (*see* Compl. at 1), but the provided case number does not yield any results on the Unified Judicial System of Pennsylvania Web Portal. It appears from an exhibit to the Complaint that Officer Peters issued a violation to Fata on April 7, 2024, noting a charge of driving an unregistered vehicle in violation of 75 Pa. C.S. § 1575(a). (*See* ECF No. 2-1 at 1.)

Jacqueline allegedly told Fata that she would "pay the filing fee for [his] taxes, and [that Fata] can use her address."  (*Id.* at 3.)  Fata alleges that he submitted a "home plan" to Jacqueline on August 16, 2024.  (*Id.* at 2.)  He called her on August 21, 2024, and she told him that she would call him back.  (*Id.*)  He tried calling Jacqueline on August 27th, but her phone was "off/blocked."  (*Id.*)  On August 28, 2024, he received "a notice of her intent" to press charges against him in the event he tried to contact her again.  (Compl. at 2, *see also* ECF No. 2-1 at 5.) The last contact Fata had with Jacqueline was on November 13, 2024.  (Compl. at 2.)

Fata claims that during the last phone call he had with his daughter, he felt as though Jacqueline had been "conspiring to corrupt [his] daughter to be a liar of some sort."  (*Id.* at 3.) He maintains that "there are numerous police reports on situations [involving his] daughter, in both Pennsylvania and New Jersey from [their] relatives."  (*Id.*)  He contends that police reports have been made "in multiple police stations in PA and NJ state about corrupting [his] daughter, and using [his] daughter to make false reports, and playing with [his] daughter's mind, confusing her, intentionally inflicting mental and emotional distress."  (*Id.*)  Fata avers that all the reports are "false" and have ruined "her way of thinking."  (*Id.*)

In an attachment to the Complaint, Fata alleges that "there is a conspiracy to cover up a sexual abuse on [his] two kids, and to frame [him]."  (ECF No. 2-1 at 3.)  He contends that he has "been oppressed by Pennsylvania and New Jersey societies/communities, and governments" since 2017, "to the extreme of [his] death, by either manipulating a fatal 'accident' or 'situation,' or to push [him] to suicide."  (*Id.*)  Fata alleges that he has suffered multiple physical injuries and he has "made police reports all over PA and NJ counties."  (*Id.*)  He avers that he is not suicidal despite being told by "society/communities and governments directly and indirectly . . . to commit suicide."  (*Id.*)  He alleges that the conspiracy was started by a "church congregation/organization" with "ministries/charities" and "this explains [the]

connection/networks with government officials." (*Id.* at 4.)  Fata maintains that he has "strong/obvious evidence" and "the judge should've made completely different judgments." (*Id.*)  He asserts that "no justice" was given to the situation involving his children and he is "being oppressed."  (*Id.*)

As the basis for his claims, Fata identifies more than 55 criminal and civil rights statutes, both state and federal, in list form.[5]  (*Id.* at 4-8.)  The criminal statutes pertain to, *inter alia*, wire and electronic communication interception, harassment of a victim or witness, slavery and trafficking, RICO, foreign intelligence surveillance, maritime assaults, kidnapping and hostage taking, conspiracy, aggravated assault, false imprisonment, theft, tampering with records, intimidation of witnesses, and corruption of a minor.[6]  (*Id.*)  Specifically, Fata lists, without explanation, federal civil statutes, 42 U.S.C. §§ 1982, 1985, 1986, 1987, and 1988.[7]  (*Id.* at 4.)

---

[5] Merely listing statutes does not state a plausible claim for a violation thereof because a passing reference without factual support is not sufficient to bring claims before a court.  *Brown v. Pennsylvania, Wayne Cnty.*, No. 22-1506, 2023 WL 3376547, at *2 (3d Cir. May 11, 2023), *cert. dismissed sub nom. Brown v. Pennsylvania*, 144 S. Ct. 272 (2023), *reconsideration denied*, 144 S. Ct. 417 (2023); *see also Campbell v. LVNV Finding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (stating that a "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other.") (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)).

[6] Criminal statutes generally do not give rise to a basis for civil liability.  *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action.").  Indeed, the United States Supreme Court has stated that, unless specifically provided for, federal criminal statutes rarely create private rights of action.  *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 377 (1958) (stating that where a statute "contains only penal sanctions for violation of it provisions; in the absence of a clear expression of congressional intent to the contrary, these sanctions should under familiar principles be considered exclusive, rather than supplemented by civil sanctions of a distinct statute"); *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone.").

[7] 42 U.S.C. § 1982 prohibits racial discrimination in transactions relating to real and personal property.  42 U.S.C. § 1985(3) creates a cause of action against any two persons who "conspire .

Fata also asserts, without further detail, that his rights under the Fourth, Ninth, and Fourteenth Amendments to the United States Constitution have been violated. (*Id.* at 5.) He alleges state law claims including assault, battery, willful misconduct, negligence, and malicious and false imprisonment, again without further explanation. (*Id.* at 4-5.) Fata seeks monetary damages in the amount of $100,000 to compensate him and his children. (*Id.* at 9.)

In addition to his Complaint, Fata has filed several motions. In his "Motion to Enforce 18 USCS § 1514 Civil Action to Restrain Harassment of a Victim or Witness," he seeks a protective order to prevent Jacqueline "from tampering with [his] property" and payment to a locksmith "to unlock the door only with [his] authorization." (*See* ECF No. 3.) Fata's "Motion to Immediately Place an Injunction and Restraining Permanent Order," seeks an order directing that his vehicle remain parked at Jacqueline's residence and that all of his property be secured in

---

. . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . . ." 42 U.S.C. § 1985(3). "[Section] 1986 constitutes an additional safeguard for those rights protected under 42 U.S.C. § 1985, and 'transgressions of § 1986 by definition depend on a preexisting violation of § 1985.'" *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994) (quoting *Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir. 1980)). Fata does not include any allegations about race or racial animus and there is no suggestion that any contractual relations or conspiracies exist among the named Defendants. Accordingly, any claims alleging violations of §§ 1982, 1985, and 1986 will be dismissed. *See Johnson v. Person*, 781 F. App'x 69, 73 (3d Cir. 2019) (affirming dismissal of claims brought pursuant to §§ 1981 and 1982 for failure to state a claim because there were no contract or property rights involved in the alleged deprivation of rights); *Groce v. City of Philadelphia. L. Dep't*, No. 21-5132, 2022 WL 493418, at *7 (E.D. Pa. Feb. 17, 2022) (dismissing conspiracy claim as wholly conclusory where the plaintiff failed to allege facts regarding the formation of a conspiracy between any Defendants or any other individuals, the period of the conspiracy, or actions taken by the alleged conspirators to achieve the alleged purpose thereof). 42 U.S.C § 1987 does not give rise to a private cause of action. *See Wolfe v. Beard*, No. 10-2566, 2010 WL 5173199, at *12 (E.D. Pa. Dec. 9, 2010) ("Section 1987 empowers federal officials to prosecute violations of certain statutorily enumerated crimes. . . . [Section] 1987 does not provide a private right of action.") (citations omitted). 42 U.S.C § 1988, which provides for an award of attorneys' fees in certain circumstances, does not provide a basis for an independent right of action. *See Vecchia v. Town of Hempstead*, 927 F. Supp 579, 580-81 (E.D.N.Y 1996) (citing *North Carolina Dep't of Transp. v. Crest Street Comm. Council, Inc.*, 479 U.S. 6, 14 (1986)). The § 1987 and § 1988 claims will also be dismissed.

the locked vehicle.  (*See* ECF No. 11.)  Fata also requests that the Defendants pay for a

locksmith "to unlock the vehicle, **ONLY** with [his] verification."  (*Id.* at 2.)  Fata seeks sanctions

against the Defendants for failing to comply with his motion requesting an

"injunction/restraining order" (*see* ECF No. 13) and judgment in his favor (*see* ECF No. 15).

Finally, Fata seeks an order from this Court holding Officer Peters in contempt for failing to

respond to a subpoena issued by Fata on December 26, 2024.  (*See* ECF No. 18.)

## II.    STANDARD OF REVIEW

The Court will grant Fata leave to proceed *in forma pauperis* because it appears that he is

incapable of paying the fees to commence this case.[8]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii)

requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails

to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions

to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184

F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint

contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

Additionally, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if

it frivolous.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact,"

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The use of the term "frivolous" in § 1915

"embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Id.*

---

[8] Fata has set forth the steps taken to secure his prisoner account statement.  (*See* ECF No. 6.)
Although he has not been able to obtain a certified copy of his prisoner account statement for the
time period from March 11, 2024 through September 11, 2024, this Court finds that Fata has
substantially complied with the directives of 28 U.S.C. § 1915(a)(2) and will permit him to
proceed *in forma pauperis* in this matter.  Because Fata is a prisoner, he will be obligated to pay
the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C.
§ 1915(b).

Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Fata is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Also, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.    DISCUSSION

### A.    Claims Brought on Behalf of Others

Fata is, in part, attempting to bring claims on behalf of his children. (Compl. at 1, 9.) Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her

7

own case *pro se* or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))). Although an individual may represent himself *pro se*, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). Furthermore, "a plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)). For these reasons, any claims that Fata brings on behalf of his children must be dismissed without prejudice for lack of standing. *See, e.g.*, *Chang v. Dep't of Servs. for Child., Youth, & their Fams., Div. of Fam. Servs.*, 790 F. App'x 435, 437-38 (3d Cir. 2019) (*per curiam*) (father lacked standing to address children's claims on appeal).

**B.    Fata's Claims**

Fata alleges that there is a vast conspiracy to frame him and cover up sexual abuse on his children. (*See* ECF No. 2-1 at 3-4.) He asserts that the conspiracy, which spans across two states, was started in 2017 by a "church congregation/organization" in connection with "government officials" to oppress him and encourage him "to commit suicide," making his "life impossible to live." (*Id.*)

Fata's allegations concerning a vast conspiracy are wholly incredible and lack a basis in fact. Accordingly, the Court will dismiss any claims based on Fata's conspiracy allegations as factually baseless, without leave to amend. *See, e.g., Caterbone v. Nat'l Sec. Agency*, 698 F. App'x 678, 679 (3d Cir. 2017) (*per curiam*) (dismissing appeal as lacking an arguable basis in

fact where underlying allegations were based on plaintiff's assertion that he was a "victim of U.S. sponsored mind control and cointelpro harassment program"); *Mina v. Chester Cnty.*, 679 F. App'x 192, 195 (3d Cir. 2017) (*per curiam*) (affirming dismissal of plaintiff's claims that 62 defendants had a vast conspiracy against him spanning twenty years); *Price v. Fed. Bureau of Investigation*, No. 20-3015, 2020 WL 4368063, at *3 (E.D. Pa. July 30, 2020), *aff'd*, 845 F. App'x 106 (3d Cir. 2021) (finding plaintiff's allegations to be factually frivolous where plaintiff asserted that "numerous law enforcement agencies, attorneys, prison officials, and medical professionals have used neurological and psychological technology to control the 'four basic groups of his brain and mental functions' and "that the use of this 'technology' and 'mind control' has caused him numerous impairments and drove him to criminal and erratic behavior"); *Jorge v. Torres*, No. 18-14674, 2019 WL 2385942, at *3 (D.N.J. June 6, 2019) ("Plaintiff's factual allegations that the Police are monitoring his every move and that the Police do so by telephone recruitment 'of informants, spies, and willing constituates [sic]' is exactly the type of 'fantastic or delusional scenario[ ]' warranting dismissal under 28 U.S.C. § 1915(e)(2)(B)(i)." (alterations in original)).

Moreover, to the extent that Fata seeks to assert any federal constitutional claims against Jacqueline Amantine and her son, he has failed to state a plausible constitutional claim. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[9] *West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[9] Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that

"The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995).

Fata does not provide any factual allegations with respect to the Defendants that would support an inference that they were acting under color of state law when they allegedly failed to return Fata's vehicle and property. *See Massey v. Crady*, No. 17-241, 2018 WL 4328002, at *6 (W.D. Pa. Aug. 8, 2018) ("Private citizens . . . are not state actors, and therefore . . . any § 1983 claims against [them] should be dismissed."); *Brett v. Zimmerman,* No. 15-2414, 2018 WL 6576412, at *6 (M.D. Pa. Nov. 2, 2018) (recommending dismissal of § 1983 claims against private individual as frivolous), *report and recommendation adopted*, 2018 WL 6567721 (M.D. Pa. Dec. 13, 2018); *Toroney v. Woyten,* No. 86-4871, 1986 WL 11081, at *1 (E.D. Pa. Oct. 3, 1986) (dismissing § 1983 claims against private actor as frivolous); *see also Hussein v. New Jersey*, 403 F. App'x 712, 716 (3d Cir. 2010) (*per curiam*) (affirming dismissal of constitutional claims against landlord because landlord was not a state actor).

Finally, to the extent that Fata intended to raise any state law claims, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[10]  Section 1332(a) requires "'complete diversity between all plaintiffs and all

---

question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists:  (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

[10] Because the Court has dismissed Fata's federal claims, it will not exercise supplemental jurisdiction over any state law claims.

defendants,'" which "means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa, LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).

Fata does not allege the state citizenship of any party to this suit, but provides Pennsylvania addresses for each of the Defendants, which suggests that both Defendants may be citizens of Pennsylvania. (*See* Compl. at 1.) Accordingly, Fata has not alleged a basis for the Court's jurisdiction because he has failed to meet his burden of establishing complete diversity in this case. *See Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020). Because the Complaint fails to allege a basis for diversity jurisdiction, the Court will dismiss any state law claims for lack of subject matter jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Fata leave to proceed *in forma pauperis* and dismiss his Complaint. The Court will dismiss any claims Fata sought to assert on behalf of others without prejudice for lack of standing. Fata's conspiracy claims will be dismissed as factually frivolous. Any federal constitutional claims Fata sought to assert against Defendants will be dismissed with prejudice and without leave to amend for failure to state a claim pursuant

to 28 U.S.C. § 1915(e)(2)(B)(ii).  Fata's state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.  The Court concludes that amendment would be futile because Fata cannot cure the noted deficiencies in the Complaint.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile.").  His motions will be denied.  A final Order follows, which dismisses this case.

**BY THE COURT:**


*/s/ Mitchell S. Goldberg*
_____
**MITCHELL S. GOLDBERG, J.**